**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ROBERT S. GARNER a/k/a SCOTT GARNER, *individually and on behalf of all others similarly situated* | § § § § | |
| Plaintiff, | § | Civil Action No. 4:24-cv-3300 |
| | § | |
| v. | § | |
| | § | |
| AXIP ENERGY SERVICES, LP, | § | |
| | § | |
| Defendant. | § | |

## AXIP'S BRIEF IN SUPPORT OF MOTION TO DISMISS

## <u>TABLE OF CONTENTS</u>

I. FACTUAL BACKGROUND.................................................................................................... 1

II. STATEMENT OF ISSUES................................................................................................... 1

III. ARGUMENT ...................................................................................................................... 2

    A.    The Court Should Dismiss the Complaint Under Federal Rule of Civil Procedure 12(b)(1) Because Garner Lacks Standing. ............................................... 2

        1.  The complaint does not allege sufficient injury-in-fact. ............................... 2

        2.  The complaint does not allege causation. ..................................................... 7

        3.  The complaint does not sufficiently allege redressability ............................ 8

        4.  Garner does not have standing to seek injunctive relief. ............................. 9

    B.    The Complaint Fails to State a Claim Upon Which Relief May Be Granted. ............... 10

        1.  Garner fails to state a claim for count I—negligence. ............................... 10

        2.  Garner fails to state a claim for count II—negligence per se. .................... 14

        3.  Garner fails to state a claim for count III—unjust enrichment. .................. 15

        4.  Garner fails to state a claim for count IV—breach of implied contract..................... 16

        5.  Garners fails to state a claim for Count V—breach of implied covenant of good faith and fair dealing. ............................................................................ 18

        6.  Garner fails to state a claim for equitable relief.......................................... 18

    IV. CONCLUSION......................................................................................................... 20

# TABLE OF AUTHORITIES

Cases                                                                                          Page(s)

*Acara v. Banks*,
    470 F.3d 569 (5th Cir. 2006) ................................................................. 15

*Am. Eagle Ins. Co. v. United Techs. Corp.*,
    48 F.3d 142 (5th Cir.) ......................................................................... 14

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ....................................................................... 1, 10

*Atkins v. Crosland*,
    417 S.W.2d 150 (Tex.1967) .................................................................. 11

*Barber v. Nationwide Commc'ns, Inc.*,
    No. 3:95-CV-0656, 1995 WL 940517 (N.D. Tex. May 30, 1995) ........................... 18

*Barclay v. Richey*,
    No. 09-17-00026-CV, 2019 WL 302661 (Tex. App. Jan. 24, 2019) ....................... 16

*Bashara v. Baptist Mem'l Hosp. Sys.*,
    685 S.W.2d 307 (Tex. 1985) ................................................................. 16

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 554 (2007) .......................................................................... 10

*Book People, Inc. v. Wong*,
    91 F.4th 318 (5th Cir. 2024) ............................................................... 8, 9

*Causey v. Sewell Cadillac-Chevrolet, Inc.*,
    394 F.3d 285 (5th Cir. 2004) ................................................................ 20

*Centeq Realty v. Siegler*,
    899 S.W.2d 195 (Tex. 1995) .............................................................. 11, 13

*City of Midland v. O'Bryant*,
    18 S.W.3d 209 (Tex.2000) ................................................................... 18

*Clapper v. Amnesty Intern. USA*,
    568 U.S. 398 (2013) ...................................................................... 1, 2, 6

*Coastal Conduit & Ditching, Inc. v. Noram Energy Corp.*,
    29 S.W.3d 282 (Tex. App. 2000) ............................................................ 14

*Credos Indus. Supplies v. Targa Pipeline Mid-Continent Westtex, L.L.C.*,
    63 F.4th 452 (5th Cir. 2023) ............................................................................ 15

*Ctr. for Biological Diversity v. U.S. EPA*,
    937 F.3d 533 (5th Cir. 2019) ........................................................................ 2, 7

*Diaz v. R & A Consultants*,
    579 S.W.3d 460 (Tex. App. 2019) ................................................................ 13

*Dobbin Plantersville Water Supply Corp. v. Lake*,
    108 F.4th 320 (5th Cir. 2024) .......................................................................... 9

*Doe v. Apostolic Assembly of Faith in Christ Jesus*,
    452 F. Supp. 3d 503 (W.D. Tex. 2020) ........................................................ 11

*Doe v. Boys Clubs of Greater Dall., Inc.*,
    907 S.W.2d 472 (Tex. 1995) ......................................................................... 11

*Drury v. Baptist Mem'l Hosp. Sys.*,
    933 S.W.2d 668 (Tex. App. 1996) ................................................................ 14

*Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*,
    No. 3:16-cv-00014, 2016 WL 6523428 (S.D. Cal. Nov. 3, 2016) ................. 19

*In re ESO, Sols., Inc. Breach Litig.*,
    No. 1:23-CV-1557, 2024 U.S. Dist. LEXIS 134337 (W.D. Tex. July 30, 2024) ........... 12

*Ford Motor Co. v. Miles*,
    141 S.W.3d 309 (Tex. App. 2004) ................................................................ 13

*Gill v. Whitford*,
    138 S. Ct. 1916 (2018) ................................................................................... 2

*Goode v. Bauer*,
    109 S.W.3d 788 (Tex. App. 2003) ................................................................ 12

*Greater Hous. Transp. Co. v. Phillips*,
    801 S.W.2d 523 (Tex. 1990) ......................................................................... 11

*Green v. eBay Inc.*,
    No. CIV.A. 14-1688, 2015 WL 2066531 (E.D. La. May 4, 2015) ............... 5, 6

*Harris County, Texas v. MERSCORP, Inc.*,
    791 F.3d 545 (5th Cir. 2015) ........................................................................ 18

*Haseeb Abdullah v. Paxton*,
    65 F.4th 204 (5th Cir. 2023) ........................................................................... 2

*Haws & Garrett Gen. Contractors, Inc. v. Gorbett Bros. Welding Co.*,
    480 S.W.2d 607 (Tex. 1972) ............................................................................ 16, 17

*Hays v. Frost & Sullivan, Inc.*,
    No. SA-23-CV-01490, 2024 WL 4052741 (W.D. Tex. Aug. 16, 2024) ........................... 17, 18

*I.C. v. Zynga, Inc.*,
    600 F. Supp. 3d 1034 (N.D. Cal. 2022) .................................................................. 10

*IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*,
    143 S.W.3d 794 (Tex. 2004) ............................................................................ 10, 11

*Inclusive Cmtys. Project v. Lincoln Prop. Co.*,
    920 F.3d 890 (5th Cir. 2019) ............................................................................. 20

*Indep. E. Torpedo Co. v. Carter*,
    131 S.W.2d 125 (Tex. Civ. App. 1939) ................................................................ 12

*Kroger Tex. Ltd. P'ship v. Suberu*,
    216 S.W.3d 7886 (Tex. 2006 .............................................................................. 7

*Lear Siegler, Inc. v. Perez*,
    819 S.W.2d 470 (Tex. 1991) .............................................................................. 11

*Legg v. Leaders Life Ins. Co.*,
    No. 21-655, 2021 WL 5772496 (W.D. Okla. Dec. 6, 2021) ........................................ 6

*Lincoln v. Turner*,
    874 F.3d 833 (5th Cir. 2017) ............................................................................. 10

*Logan v. Marker Grp., Inc.*,
    No. 4:22-CV-00174, 2024 WL 3489208 (S.D. Tex. July 18, 2024) ................... 3, 4, 5, 6, 7, 10

*Louisiana v. Haaland*,
    86 F.4th 663 (5th Cir. 2023) .............................................................................. 2

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ................................................................................... 2, 7, 10

*Nabors Drilling U.S.A., Inc. v. Escoto*,
    288 S.W.3d 401 (Tex. 2009) .............................................................................. 11

*Norris v. Hurst Trust*,
    500 F.3d 454 (5th Cir. 2007) ............................................................................. 10

*Omega Contracting, Inc. v. Torres*,
    191 S.W.3d 828 (Tex. App. 2006) ...................................................................... 12, 13

*Parrott v. Garcia*,
    436 S.W.2d 897 (Tex. 1969) ................................................................................... 14

*Peters v. St. Joseph Servs. Corp.*,
    74 F. Supp. 3d 847 (S.D. Tex. 2015) ................................................ 3, 4, 6, 7, 8, 9

*Reeder v. Daniel*,
    61 S.W.3d 359 (Tex. 2001) ..................................................................................... 14

*Reule v. Jackson*,
    114 F.4th 360 (5th Cir. 2024) ................................................................................... 7

*S. Christian Leadership Conf. v. Sup. Ct. of La.*,
    252 F.3d 781 (5th Cir. 2001) ..................................................................................... 8

*Simon v. E. Kentucky Welfare Rts. Org.*,
    426 U.S. 26 (1976) ..................................................................................................... 7

*Smith v. Am. Pain & Wellness, PLLC*,
    No. 4:23-CV-295, 2024 WL 4028050 (E.D. Tex. Sept. 3, 2024)........................... 15

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016)................................................................................................... 2

*Strautins v. Trustwave Holdings, Inc.*,
    27 F. Supp. 3d 871 (N.D. Ill. 2014) ......................................................................... 5

*Stringer v. Whitley*,
    942 F.3d 715 (5th Cir. 2019) ............................................................................. 9, 19

*Teitel v. Univ. of Hous. Bd. of Regents*,
    285 F. Supp. 2d 865 (S.D. Tex. 2002) .................................................................... 16

*Tiras v. Bailey Props., L.L.C.*,
    659 F. App'x 753 (5th Cir. 2016)............................................................................ 16

*TransUnion, LLC v. Ramirez*,
    141 S. Ct. 2190 (2021).................................................................................... 2, 3, 9

*Warth v. Seldin*,
    422 U.S. 490 (1975)................................................................................................... 2

*Waxler v. Household Credit Servs., Inc.*,
    106 S.W.3d 277 (Tex. App. 2003)........................................................................... 11

*Williams v. Bienville Orthopaedic Specialists, LLC*,
    No. 1:23CV232, 2024 WL 3387169 (S.D. Miss. June 18, 2024)............................. 8

Statutes

15 U.S.C. § 45(a) ........................................................................................ 15

28 U.S.C § 2201 .......................................................................................... 18

Rules

Federal Rule of Civil Procedure 12(b)(1) ...................................................... 2

Federal Rule of Civil Procedure 12(b)(6) ...................................................... 1

Other Authorities

Steve Alder, *Can A Patient Sue for A HIPAA Violation?*, The HIPAA Journal (Feb. 11, 2024),
https://www.hipaajournal.com/sue-for-hipaa-violation/ ............................................. 15

Axip seeks dismissal of Garner's complaint because he does not have standing and fails to state a claim upon which relief may be granted.

## I.  FACTUAL BACKGROUND

This lawsuit arises out of a criminal ransomware attack on Axip Energy Services, LP's ("Axip") computer systems, which occurred between March 1, 2024 and May 6, 2024. Upon learning of the breach, Axip responded swiftly. Axip promptly conducted an investigation and engaged cybersecurity professionals through counsel to investigate, contain, and eradicate the incident; erased and rebuilt the affected systems; and implemented additional security measures to enhance the privacy and security of information stored on its systems. Axip also offered free credit monitoring services to those whose data was potentially compromised.

Plaintiff Robert S. Garner ("Garner") filed an original complaint on September 6, 2024, individually and on behalf of a class of similarly situated individuals. Garner alleged seven causes of action against Axip. On October 15, 2024, Garner amended his complaint removing his claim for breach of fiduciary duty. Garner currently alleges he has suffered injury, including exposure of his personal identifiable information ("PII"); mitigation damages based on time and money spent monitoring financial accounts; substantial risk of his and class members' PII being used in the future for fraudulent conduct; loss of value of his and class members' PII; and emotional distress, fear, and anxiety that his and class members' PII may be disclosed.

## II.  STATEMENT OF ISSUES

Garner lacks standing and, therefore, the Court does not have jurisdiction over his claims, *see Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 408 (2013), and none of the six causes of action state a claim upon which relief may be granted requiring each to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.  ARGUMENT

**A.**    **The Court Should Dismiss the Complaint Under Federal Rule of Civil Procedure 12(b)(1) Because Garner Lacks Standing.**

A plaintiff must have standing to sue in federal court. *See Clapper*, 568 U.S. at 408. Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). A plaintiff must establish he "(1) suffered an injury-in-fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Ctr. for Biological Diversity v. U.S. EPA*, 937 F.3d 533, 536 (5th Cir. 2019) (quoting *Gill v. Whitford*, 138 S. Ct. 1916, 1929 (2018)). The plaintiff bears the burden of proving he has standing. *TransUnion, LLC v. Ramirez*, 141 S. Ct. 2190, 2207 (2021).

1.    <u>The complaint does not allege sufficient injury-in-fact.</u>

To satisfy the first standing prong, a plaintiff must show he suffered a harm that is "concrete and particularized and actual or imminent." *Ctr. for Biological Diversity*, 937 F.3d. at 537. In a class action, all named plaintiffs must show "that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Warth v. Seldin*, 422 U.S. 490, 502 (1975). An injury "must affect the plaintiff in a personal and individual way" to be particularized. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016). For an injury to be concrete, it must be "real, and not abstract." *Id.*

The injury must also be actual or imminent, not "speculative, conjectural, or hypothetical." *Haseeb Abdullah v. Paxton*, 65 F.4th 204, 208 (5th Cir. 2023) (quoting *Clapper*, 568 U.S. at 410). A future injury must be "certainly impending" and not rely "on a highly attenuated chain of possibilities," *Louisiana v. Haaland*, 86 F.4th 663, 666 (5th Cir. 2023) (quoting *Clapper*, 568 U.S. at 410), or "rest on speculation about the decisions of independent actors," *Clapper*, 568 U.S. at

414. An allegation "that risk of harm has been increased does not transform that assertion into a cognizable injury." *Peters v. St. Joseph Servs. Corp.*, 74 F. Supp. 3d 847, 855 (S.D. Tex. 2015).

In a suit for monetary damages, mere risk of future harm, without more, does not qualify as a concrete harm to confer standing. *TransUnion*, 141 S. Ct. at 2211. "If the risk of future harm materializes and the individual suffers a concrete harm, then the harm itself, and not the pre-existing risk, will constitute a basis for the person's injury and for damages." *Id.* "If the risk of future harm does *not* materialize, then the individual cannot establish a concrete harm sufficient for standing[.]" *Id.* (emphasis in original).

> a.   *This Court has previously dismissed data breach cases because the plaintiff failed to demonstrate injury.*

This Court has previously dismissed data breach class actions for lack of standing because, as is the case here, the plaintiff failed to demonstrate injury. *See Peters*, 74 F. Supp. 3d at 854; *see also Logan v. Marker Grp., Inc.*, No. 4:22-CV-00174, 2024 WL 3489208, at *5 (S.D. Tex. July 18, 2024).

In *Peters*, the plaintiff's PII was allegedly compromised as a result of a data breach. 74 F. Supp. 3d at 850. Peters alleged that following the breach, her PII was disseminated and misused by third parties. *Id.* Specifically, on one occasion, someone attempted to use her credit card information to make a purchase. *Id.* Upon receiving a fraud alert, Peters notified the bank that she did not authorize the purchase, and, as a result, she was not charged for the transaction. *Id.*

In addition, Peters alleged she experienced large volumes of spam email and unsolicited marketing materials. *Id.* at 851. Finally, Peters alleged that she faced an increased risk of future injury because third parties could fraudulently use her compromised information. *Id.* at 854. The Court dismissed the action, holding Peters did not have standing because she did not plausibly

establish a certainly impending or substantial risk of injury. *Id.* at 855, 857 ("The allegation that risk has been increased does not transform that assertion into a cognizable injury.").

Similarly, in *Logan*, plaintiffs' PII was allegedly compromised in a data breach.  2024 WL 3489208, at *1. Plaintiffs alleged they experienced suspicious activity including unauthorized loan applications, bank account activity, and fraud. *Id.* at *2. Baxter, one of the named plaintiffs, alleged he received unsolicited loan offers and increased spam calls. *Id.* All plaintiffs alleged they suffered concrete harm based on a substantial risk of future identity theft and actual identity theft. *Id*. at *4. They also claimed an injury from having "to spend time and money on mitigation efforts related to the risk of identity theft." *Id.* at *6. Finally, plaintiffs claimed an injury based on the diminution in value of their PII. *Id.* at *7.

The Court held Baxter had not suffered an injury-in-fact. *Id.* Specifically, phishing emails and "[c]onclusory statements alleging actual incidents of identity theft are insufficient to establish an injury in fact." *Id.* at *5. The Court held plaintiffs could not "establish standing on a speculative risk of identity theft at some unknown point in the future." *Id.* at *6. And plaintiffs could not manufacture standing by inflicting harm on themselves through mitigation efforts. *Id.* Finally, the Court held that PII does not have an inherent monetary value. *Id.* at *7. And that even if it did, without alleging specific facts indicating how the value has decreased due to the breach, plaintiffs' claims remailed entirely speculative, and were thus insufficient to confer standing. *Id.*

          *b.*     *Garner has not plead an actual injury.*

The complaint does not provide anything more than conclusory statements alleging incidents of identity theft. However, such statements "are insufficient to establish an injury in fact because such injuries require a showing that 'the information accessed was actually misused or that there has been an attempt to use it.'" *Logan*, 2024 WL 3489208, at *5; *see also Peters*, 74 F.

Supp. 3d at 857 ("Although it is alleged that [defendant's] failures 'proximately caused' these injuries, the allegation is conclusory.").

Garner alleges he suffered an injury from the incident. Dkt. 15 at ¶ 94. Specifically, he alleges that as a result of the incident, a bank account was opened using his social security number, he has been flooded with numerous spam phone calls, and he has experienced anxiety from fear of future injury. Dkt. 15 at ¶¶ 92–102. For the reasons that follow, none of those allegations pass muster under a standing analysis.

First, Garner alleges a bank account was opened using his compromised information. However, no allegations of concrete injury exist until Garner can plausibly plead he was held financially responsible for the opening of such account. *See Green v. eBay Inc.*, No. CIV.A. 14-1688, 2015 WL 2066531, at *4 (E.D. La. May 4, 2015) ("Even where actual fraudulent credit card charges are made after a data breach, courts have held the injury requirement still is not satisfied if the plaintiffs were not held financially responsible for paying such charges."); *see also Logan*, 2024 WL 3489208, at *5 (finding that whether an injury results from a data breach depends on whether the data was actually taken, whether it was subsequently sold or transferred, whether anyone attempted to use it, and whether they succeeded) (citing *Strautins v. Trustwave Holdings, Inc.*, 27 F. Supp. 3d 871, 886 (N.D. Ill. 2014)). Thus, the allegation that Garner's information to use a bank account does not suffice because no harm followed from such occurrence. *eBay*, 2015 WL 2066531, at *4.

Second, Garner contends he "has been flooded with numerous spam phone calls and text messages." Dkt. 15 at ¶ 101. But "the receipt of phishing emails . . . does not plausibly suggest that any actual misuse of Plaintiff's [PII] has occurred." *Logan*, 2024 WL 3489208, at *5.

Finally, Garner has failed to allege any risk of future harm that is certainly impending. Garner claims he faces "years of constant monitoring and surveillance." Dkt. 15 at ¶ 53. Yet he concedes, "[t]he fraudulent activity resulting from the Data Breach may not come to light for years." Dkt. 15 at ¶ 51. Allegations of future harm do not create an injury-in-fact. *Peters*, 74 F. Supp. 3d at 854 (holding Peters did not satisfy the injury-in-fact requirement because his allegations of threatened injury relied on third parties misusing her information at any point in time). When existence of an injury depends on the decision of third parties to do anything with the compromised information, no injury exists—"[i]f they choose to do nothing, there will never be an injury." *eBay*, 2015 WL 2066531, at *4.

c.     *Time Garner has spent does not constitute injury.*

Garner attempts to manufacture standing based on efforts to mitigate risk of some possible injury, claiming he has lost time and opportunity costs. *See* Dkt. 15 at ¶¶ 83, 86, 92. But "parties 'cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending.'" *Logan*, 2024 WL 3489208, at *6 (quoting *Clapper*, 568 U.S. at 398); *see also Peters*, 74 F. Supp. 3d at 855–56 (quoting *Clapper*, 568 U.S. at 401) (holding plaintiff could not conjure standing by alleging she spent money on credit monitoring services to avoid third-party criminality). While a party may take reasonable steps to mitigate risks of a data breach, those actions cannot confer standing. *See Legg v. Leaders Life Ins. Co.*, No. 21-655, 2021 WL 5772496, at *6 (W.D. Okla. Dec. 6, 2021).

d.     *Fear and anxiety do not constitute injury.*

Finally, Garner contends he has suffered anxiety, fear, and emotional distress. Dkt. 15 at ¶¶ 88–89. This Court in *Logan* rejected standing based on a claim for emotional distress. *See Logan*, 2024 WL 3489208, at *6 ("Plaintiff['s] attempt to conjure harms based on fear of that hypothetical future harm is also insufficient to establish standing."). A claim for emotional distress

requires a plaintiff plead: (1) defendant acted intentionally or recklessly, (2) the conduct at issue was extreme and outrageous, (3) the conduct caused the plaintiff emotional distress, and (4) the plaintiff's emotional distress was severe. *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006). Garner pleads no such facts. Garner does not allege that Axip's conduct was intentional or reckless; that Axip's conduct was extreme or outrageous; or that he has suffered severe emotional distress. Thus, Garner has failed to allege facts to support a claim for emotional distress.

        2.     <u>The complaint does not allege causation, and therefore there is no standing.</u>

For a plaintiff to have standing, he must sufficiently plead "a causal connection between the injury and the conduct complained of." *Ctr. for Biological Diversity*, 937 F.3d at 542. The injury must be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Id.* (quoting *Lujan*, 504 U.S. at 560). A complaint must *plausibly* allege concrete injury caused by the asserted wrong. *See e.g. Simon v. E. Kentucky Welfare Rts. Org.*, 426 U.S. 26, 43 (1976). Standing does not exist "where the injury 'depends on the unfettered choices made by independent actors not before the court and whose exercise of broad and legitimate discretion the courts cannot presume either to control or to predict.'" *Reule v. Jackson*, 114 F.4th 360, 367 (5th Cir. 2024) (quoting *Lujan,* 504 U.S. at 562).

In *Logan*, this Court held that "attempted credit card charges, phone solicitations, [and] spam emails . . . perpetrated by unknown third parties fail to account for the sufficient break in causation caused by opportunistic third parties." 2024 WL 3489208, at *5 (cleaned up). Similarly, in *Peters*, this Court held that even if plaintiff's attempted credit card charges were sufficient to constitute an injury for Article III standing, the allegations that such injury was caused by defendants were conclusory and any injury that occurred was "'the result of the independent action

of a third party and therefore not cognizable under Article III.'" *Peters,* 74 F. Supp. 3d at 857

(quoting *S. Christian Leadership Conf. v. Sup. Ct. of La.*, 252 F.3d 781, 788 (5th Cir. 2001)).

Here, Garner's alleged injuries all stem from the wrongful acts of third parties independent

from Axip—whether those acts were committed in connection with the incident in question or

some other completely unrelated disclosure of Garner's PII. Dkt. 15 at ¶¶ 4, 16, 73. To the extent

Garner has adequately pled an actual injury (prong no. 1), which he has not, they "are the result of

the independent action of a third party and therefore are not cognizable under Article III." *Peters*,

74 F. Supp. 3d at 857. So, Garner still lacks standing to bring his complaint.

Garner alleges his PII was misused after this incident. Dkt. 15 at ¶ 96. Yet, his allegations

are insufficient to show any injury he allegedly suffered—which he did not—are traceable to this

incident. *See Williams v. Bienville Orthopaedic Specialists, LLC*, No. 1:23CV232, 2024 WL

3387169, at *8 (S.D. Miss. June 18, 2024) ("In today's society, an individual's PII and PHI can be

stolen in a myriad of ways, often without the individual's knowledge. Data breaches and other

forms of data theft are so prevalent that it is seemingly impossible to trace the misuse of personal

information to one particular breach. The mere fact that [a person] experienced misuse of their PII

or learned that some of their PII had been stolen after a data breach is insufficient to show that the

misuse of their PII is fairly traceable to [that] data breach."). Accordingly, even if Garner's

allegations regarding a purportedly new bank account and increase in spam calls and text messages

were sufficient to show an injury (and they are not), he has not plausibly alleged how those

purported injuries are traceable to the incident.

3. <u>The complaint does not sufficiently allege redressability.</u>

To satisfy redressability, a plaintiff "must show that a favorable decision will relieve the

discrete injury to [himself]." *Book People, Inc. v. Wong*, 91 F.4th 318, 332 (5th Cir. 2024) (internal

quotations omitted). "It must be likely, as opposed to merely speculative, that the injury will be

redressed by a favorable decision." *Id.* (internal quotations omitted). "[R]elief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court." *Dobbin Plantersville Water Supply Corp. v. Lake*, 108 F.4th 320, 326 (5th Cir. 2024); *see also Peters*, 74 F. Supp. 3d at 857 (holding a favorable decision must redress the harm the plaintiff has experienced).

Redressability is not satisfied if "a ruling from the Court would not prevent [third parties] from contacting [Plaintiff] or otherwise disgorge them of [his PII]." *Peters*, 74 F. Supp. 3d at 857. No redressability exists if "the Court can neither control nor predict the unfettered choices made by [third parties], who are not before the Court and are independent of [defendant] in any event." *Id.* Finally, a plaintiff does not satisfy the third prong if his injuries have been remedied. *See id.*

Here, Garner's risk of future injury rests on whether his PII was in fact taken in the incident and, and if so, whether third parties will ever misuse that PII. He has not alleged any quantifiable damage or loss that could be redressed by a favorable court decision. Further, Axip has offered, and Garner acknowledges, twelve months of complimentary credit-monitoring services to any individuals potentially affected by the incident. Dkt. 15 at ¶ 79. No further relief from the Court would redress any purported injuries.

4.   Garner does not have standing to seek injunctive relief.

A plaintiff seeking declaratory or injunctive relief must demonstrate a "continuing injury or threatened future injury." *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019). "[A] person exposed to a risk of future harm may pursue forward-looking, injunctive relief to prevent the harm from occurring, at least so long as the risk of harm is sufficiently imminent and substantial." *TransUnion*, 141 S.Ct. at 2210. A plaintiff must show "there is a substantial risk that they will suffer the potential future injury absent their requested relief." *Stringer,* 942 F.3d at 721.

Garner seeks injunctive relief in the form of changes to Axip's security policies. Dkt. 15 at ¶ 183.  Yet Garner does not explain how relief will prevent or mitigate any such alleged future

injury arising from the incident at issue in this case which has already occurred. In other words, injunctive relief is designed to prevent another breach from occurring—not addressing the impact of a past incident. Dkt. 15 at ¶ 183; *see also Logan*, 2024 WL 3489208, at *8 ("Plaintiffs do not have standing to seek injunctive relief because they [cannot] 'show any imminent risk of future harm from *this* data breach.'") (quoting *I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034, 1055 (N.D. Cal. 2022) (emphasis in original)). Thus, Garner has failed to establish standing to seek forward-looking injunctive relief designed to prevent some imminent and substantial harm arising from a future event.

**B.     The Complaint Fails to State a Claim Upon Which Relief May Be Granted.**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007)). "A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[N]aked assertions devoid of further factual enhancement" are insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 557). Mere "formulaic recitation[s] of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 555.

In ruling on a motion to dismiss, a court may only consider: "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken[.]" *Id.* (citing *Norris v. Hurst Trust*, 500 F.3d 454, 461, n.9 (5th Cir. 2007)).

1.     Garner fails to state a claim for count I—negligence.

Under Texas law, the elements of a negligence are: (1) a legal duty; (2) a breach of that duty; and (3) damages proximately caused by the breach. *IHS Cedars Treatment Ctr. of Desoto,*

*Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). The threshold inquiry "is whether the defendant owes a legal duty to the plaintiff." *Centeq Realty v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). The existence of a duty is a question of law. *Nabors Drilling U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). "Generally, a person has no legal duty to protect another from the criminal acts of a third person." *Id.* (citing *Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990)); *see also Doe v. Apostolic Assembly of Faith in Christ Jesus*, 452 F. Supp. 3d 503, 517 (W.D. Tex. 2020) ("[T]here is no duty to control the conduct of third persons.").

Proximate cause "cannot be satisfied by mere conjecture, guess, or speculation." *Mason*, 143 S.W.3d at 798. A plaintiff must prove that the harm would not have occurred had the defendant not been negligent, and that the negligence was "a substantial factor in bringing about the plaintiff['s] harm." *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 472 (Tex. 1991). The defendant is not the cause-in-fact where his negligence "does no more than furnish a condition which makes the injuries possible." *Mason*, 143 S.W.3d at 799 (citing *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 477 (Tex. 1995)). "The evidence must . . . show that such negligence was the proximate, and not the remote, cause of resulting injuries . . . [and] justify the conclusion that such injury was the natural result thereof." *Boys Clubs,* 907 S.W.2d at 477. "Because actual injury is an element of a negligence claim, [a]n action for negligence cannot be maintained unless some damages result therefrom." *Waxler v. Household Credit Servs., Inc.*, 106 S.W.3d 277, 280 (Tex. App. 2003) (internal citation and quotation omitted). "[A] legal injury must be sustained, of course, before a cause of action arises." *Id.* (quoting *Atkins v. Crosland*, 417 S.W.2d 150, 153 (Tex.1967)).

      a.     *Garner fails to plead facts sufficient to demonstrate Axip owed him a duty.*

Garner claims that Axip owed him and the class members several duties, including:

- "To exercise reasonable care in procuring, retaining, securing, safeguarding, deleting, and protecting the PII of Plaintiff and the Class in Defendants possession." Dkt. 15 at ¶ 123.a.

- "To protect PII of Plaintiff and the Class in Defendants possession using reasonable and adequate security procedures that are compliant with industry-standard practices." Dkt. 15 at ¶ 123.b.

- And "[t]o implement processes and software to quickly detect a data breach and to timely act on warnings about data breaches, including promptly notifying Plaintiff and Class of the Data Breach." Dkt. 15 at ¶ 123.c.

However, these allegations without factual support are not enough. Conclusory allegations, accompanied by no plausible factual allegations, are insufficient to establish the existence of a legal duty between a plaintiff and a defendant. Garner alleges Axip was subject to an "independent duty" without providing any basis to what such duty entails. Dkt. 15 at ¶ 130. But merely alleging that a duty exists does not make it so. *See Indep. E. Torpedo Co. v. Carter*, 131 S.W.2d 125, 126 (Tex. Civ. App. 1939) ("A mere general allegation of the existence of such duty without a statement of facts from which the duty arises is insufficient.").

Garner must explain where the duty comes from. *Id.* While one Fifth Circuit court has found a company owed a duty to protect private information in a data breach context, that case is not applicable here. *See In re ESO*, *Sols., Inc. Breach Litig.*, No. 1:23-CV-1557, 2024 U.S. Dist. LEXIS 134337, at *29–30 (W.D. Tex. July 30, 2024). The court found a duty existed *because* the company's "business [was] to charge for the retention of private health information." *Id.* at *29. Here, Axip is not in the business of retaining private health information—Axip provides natural gas compression services to commercial customers across the United States. Thus, under the rule in *ESO*, Axip owed Garner no duty of care.

Garner also alleges Axip owes him a duty of care arising from Section 5 of the FTC Act. Dkt. 15 at ¶ 124. However, a statute supplies a defendant's standard of conduct, not the duty. *See Omega Contracting, Inc. v. Torres*, 191 S.W.3d 828, 839 (Tex. App. 2006) ("[A] duty is based on a standard of conduct created by a statute."); *see also Goode v. Bauer*, 109 S.W.3d 788, 791 (Tex.

App. 2003) ("Negligence per se . . . allows courts to rely on a . . . statute *to define* a reasonably prudent person's *standard of care*.") (emphasis added). A statute ascribes what a "reasonably prudent person would have done." *Torres*, 191 S.W.3d at 839. But the duty must exist without reliance on the statute. *See Diaz v. R & A Consultants*, 579 S.W.3d 460, 471 (Tex. App. 2019) (holding a court may use a statute to determine the scope of a duty). Because the statute Garner relies on does not create a duty for a negligence per se claim, he cannot use it to create a duty for a negligence claim. *See* Section III.B.2, *infra*.

> **b.** *Garner fails to prove Axip breached any duty owed to him (if any).*

A plaintiff must establish "the existence *and* the violation of [that] duty[.]" *Centeq*, 899 S.W.2d at 197 (emphasis added). Garner claims Axip breached its duty owed to Garner by failing to implement adequate security systems and failing to comply with industry standards. *See* Dkt. 15 at ¶ 134. As discussed above, Axip owed no such duty to Garner. *See* Section III.B.1.a, *supra*. Axip cannot breach a duty that does not exist.

Further, Garner provides no more than conclusory allegations that Axip breached the alleged duty owed. *See* Dkt. 15 at ¶¶ 122–30. Garner alleges that because an incident occurred, Axip breached its duty. Garner's allegations amount to nothing more than imposing strict liability on Axip. *See Ford Motor Co. v. Miles*, 141 S.W.3d 309, 315 (Tex. App. 2004) ("[N]egligence and strict liability [are] distinct causes of action."). Garner provides no factual support on how Axip deviated from industry standards or what those industry standards required. Dkt. 15 at ¶¶ 124–28.

> **c.** *Garner fails to prove Axip was the proximate cause of his injury (if any).*

Here, as further discussed in the context of Garner's lack of standing, the complaint fails to establish the causal connection needed to support a negligence claim. *See* Section III.A.2, *supra*. Garner's allegations merely suggest that Axip furnished a condition which made his alleged injuries possible. Dkt. 15 at ¶ 135. Further, as explained in the context of standing, Garner has not

sufficiently alleged damages to bring a negligence claim. *See* Section III.A.1, *supra*. An inability to demonstrate a reasonable basis for fear of certainly impending harm does not constitute actual injury. Fear of an injury that is not reasonably based upon circumstances showing actual exposure to some harm will not constitute actual injury. *See Drury v. Baptist Mem'l Hosp. Sys.*, 933 S.W.2d 668, 674–75 (Tex. App. 1996). Because Garner has failed to sufficiently plead a duty, a breach of that duty, or damages, his negligence claim should be dismissed for failure to state a claim.

> ### d. The economic loss doctrine bars a negligence claim.

Even if Garner properly pled a negligence claim (which he did not), the economic loss rule prevents recovery. *See Am. Eagle Ins. Co. v. United Techs. Corp.*, 48 F.3d 142, 144 (5th Cir.), *on reh'g*, 51 F.3d 468 (5th Cir. 1995) ("The first question is whether Texas recognizes a cause of action for negligence when the only loss is economic. This Circuit has already found that Texas does not recognize such a cause of action."). "[I]n the absence of privity of contract and accompanying personal injury or property damage, a plaintiff cannot recover for purely economic losses resulting from another's negligence." *Coastal Conduit & Ditching, Inc. v. Noram Energy Corp.*, 29 S.W.3d 282, 288 (Tex. App. 2000). As discussed below, no contract exists between the parties. *See* Section III.B.4, *infra*. Garner also does not allege any physical harm or property damage. Thus, the Court should dismiss the negligence claim based upon the economic loss rule.

> ## 2. Garner fails to state a claim for count II—negligence per se.

A plaintiff may bring a claim for negligence per se when violation of a particular statute demonstrates negligence as a matter of law. *See Parrott v. Garcia*, 436 S.W.2d 897, 900 (Tex. 1969). A court must consider whether the imposition of civil liability for violation of the statute is consistent with legislative intent. *See Reeder v. Daniel*, 61 S.W.3d 359, 362–63 (Tex. 2001). "Under Texas law, when a legislative body declines to provide for an individual private right of action in a statute and instead provides for a comprehensive regulatory scheme with limited private

remedies, that statute will not be an appropriate basis for a negligence per se claim." *Smith v. Am. Pain & Wellness, PLLC*, No. 4:23-CV-295, 2024 WL 4028050, at \*9 (E.D. Tex. Sept. 3, 2024).

Garner alleges negligence per se violations of Title II of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45(a) ("FTC Act"). Dkt. 15 at ¶¶ 142–43. "The FTC Act does not create a private cause of action." *See Smith,* 2024 WL 4028050, at \*9. Similarly, "there is no private cause of action under HIPAA." *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006); *see also* Steve Alder, *Can A Patient Sue for A HIPAA Violation?*, The HIPAA Journal (Feb. 11, 2024), https://www.hipaajournal.com/sue-for-hipaa-violation/. In any event, Axip also is not subject to HIPAA given that it is in the business of providing natural gas compression services and not healthcare. Dkt. 15 at ¶ 2. Garner's claim for negligence per se should be dismissed because no private cause of action exists under the statutes at issue.

      3.    <u>Garner fails to state a claim for count III—unjust enrichment.</u>

Unjust enrichment occurs when the defendant wrongfully secures a benefit or passively receives a benefit that would be unconscionable to retain. *Credos Indus. Supplies v. Targa Pipeline Mid-Continent Westtex, L.L.C.*, 63 F.4th 452, 457 (5th Cir. 2023); *see also In re ESO*, 2024 U.S. Dist. LEXIS 134337, at \*29–30. To recover from unjust enrichment, a plaintiff must plead fraud, duress, and undue advantage. *In re ESO*, 2024 U.S. Dist. LEXIS 134337, at \*34.

In *ESO*, plaintiffs brought a claim for unjust enrichment against a company following a data breach. *Id.* at \*34. The court held that even if the defendant had been negligent in securing the plaintiffs' PII, the plaintiffs did not provide any "facts to suggest [the defendant] obtained a benefit through undue advantage." *Id.* Nor did they provide any facts showing the defendant took advantage of them. *Id.* Here, like *ESO*, Garner does not provide any facts suggesting Axip obtained a benefit through any undue advantage.

Further, Gartner misstates the services for which he allegedly conferred a benefit. Garner alleges he conferred a monetary benefit to Axip by providing his PII. Dkt. 15 at ¶ 151. Specifically, Garner claims he paid Axip "to pay for the administrative costs of reasonable data privacy and security practices and procedures." Dkt. 15 at ¶ 155. Garner alleges Axip avoided its security obligations by using "cheaper, ineffective security measures." Dkt. 15 at ¶ 157.

Garner's allegations make no sense. Garner was an employee of Axip. Dkt. 15 at ¶ 90. The benefit provided to Axip was his work on behalf of the company, not any personal information he provided pursuant to that work. For an unjust enrichment claim, "[i]t is not enough that the person sought to be charged received some incidental benefit." *See Barclay v. Richey*, No. 09-17-00026-CV, 2019 WL 302661, at *6 (Tex. App. Jan. 24, 2019) (citing *Bashara v. Baptist Mem'l Hosp. Sys.*, 685 S.W.2d 307, 310 (Tex. 1985)). Garner alleges Axip "continues to benefit and profit from their retention and use of the PII while its value to Plaintiff and Class has been diminished." Dkt. 15 at ¶ 159. As discussed above, PII lacks monetary value. *See* Section III.A.1.a, *supra*. Further, any provision of PII was incidental to his employment and did not benefit Axip. Thus, the court should dismiss the unjust enrichment claim.

4.   <u>Garner fails to state a claim for count IV—breach of implied contract.</u>

The elements for a breach of contract claim are: "(1) the existence of a valid contract; (2) the performance or tender of performance; (3) breach by the defendant; and (4) damages resulting from the breach." *Tiras v. Bailey Props., L.L.C.*, 659 F. App'x 753, 756 (5th Cir. 2016). A binding contract requires: "1) an offer; 2) an acceptance; 3) a meeting of the minds; 4) each party's consent to the terms; and 5) execution and delivery of the contract with the intent that it be mutual and binding." *Teitel v. Univ. of Hous. Bd. of Regents*, 285 F. Supp. 2d 865, 877 (S.D. Tex. 2002). The difference between an express and implied contract is of little importance. *See Haws & Garrett*

*Gen. Contractors, Inc. v. Gorbett Bros. Welding Co.*, 480 S.W.2d 607, 609 (Tex. 1972). What must be shown is mutual agreement, inferred from the circumstances in an implied contract. *Id.*

An implied contract to protect PII may exist in the employer-employee context when there are documents outside the employment contract from which one could infer an implied contractual duty existed. *See Hays v. Frost & Sullivan, Inc.,* No. SA-23-CV-01490, 2024 WL 4052741, at *10 (W.D. Tex. Aug. 16, 2024), *report and recommendation adopted*, No. CV SA-23-CA-1490, 2024 WL 4047166 (W.D. Tex. Sept. 4, 2024). Conversely, a claim for breach of implied contract is properly dismissed where "a plaintiff's pleadings do not identify any company-specific documents or policies from which one could infer an implied contractual duty[.]" *Id.* at *10.

In *Hays,* an employee alleged an implied contract existed because he had to provide his PII as a condition of employment *and* there was an implied agreement to protect the PII, "as evidenced by Defendant's Privacy Policy." *Id.* at *9. The employer's privacy policy assured employees that it had data protection and security; had procedures to ensure identification, investigation, and reporting of any data breach within 72 hours of awareness; and used various technologies and procedures to help protect data from unauthorized access or disclosure. *Id.* The court found an implied contract existed because "the alleged implied contract arises in the employer-employee context," and the plaintiff pleaded sufficient facts to identify "company-specific documents from which one could infer an implied contractual duty to protect the information existed. *Id.* at *9–10.

Here, Garner alleges the existence of an implied contract, yet he does not refer to any "company-specific documents" from which the implied contractual duty could be inferred. *See* Dkt. 15 at ¶¶ 167–72. In fact, he refers to nothing at all—Garner provides no more than conclusory allegations that an implied contract existed between Garner and Axip. Dkt. 15 at ¶ 168 ("Plaintiff and the Class entrusted their PII with Defendant. In doing so, Plaintiff and the Class entered into

implied contracts with Defendant[.]"). Garner has not sufficiently alleged a breach of implied contract, so the claim should be dismissed. *See Hays,* 2024 WL 4052741, at *10.

     5.    <u>Garners fails to state a claim for count V—breach of implied covenant of good faith and fair dealing.</u>

Texas recognizes a duty of good faith and fair dealing "only when there is a special relationship." *City of Midland v. O'Bryant*, 18 S.W.3d 209, 215 (Tex.2000). The elements that make for a special relationship "are absent in the relationship between an employer and its employees." *Id.* "[T]here is no duty of good faith and fair dealing in the employment context." *Id.* at 216; *see also Barber v. Nationwide Commc'ns, Inc.*, No. 3:95-CV-0656, 1995 WL 940517, at *2 (N.D. Tex. May 30, 1995) ("Texas courts have uniformly refused to insert an implied covenant of good faith and fair dealing into employment contracts, and federal courts have acknowledged these holdings.").

Garner incorrectly alleges "[e]very contract in this state has an implied covenant of good faith and fair dealing." Dkt. 15 at ¶ 174. Texas has rejected such a notion. *See O'Bryant*, 18 S.W.3d at 215 ("This Court has held that not every contractual relationship creates a duty of good faith and fair dealing."). As discussed above, Garner has not sufficiently alleged the existence of an implied contract between Garner and Axip, *see* Section III.B.4, *supra*, and even if he did, Garner has no independent cause of action for breach of the implied covenant of good faith and fair dealing. In Texas, no such duty exists in an employer-employee relationship.

     6.    <u>Garner fails to state a claim for count VI—equitable relief.</u>

     a.    *Declaratory Judgment*

Lastly, Garner seeks declaratory judgment based on the Declaratory Judgment Act. Dkt. 15 at ¶ 179. However, the Declaratory Judgment Act, 28 U.S.C § 2201, "alone does not create a federal cause of action." *Harris County, Texas v. MERSCORP, Inc.*, 791 F.3d 545, 552 (5th Cir.

2015). Further, Garner is not entitled to the relief he seeks. Courts around the country routinely deny declaratory relief involving data security incidents that have occurred in the past, because the sought-after declaratory judgment "will not provide any relief from past injuries incurred in the future because of a data breach that has already occurred." *See e.g. Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*, No. 3:16-cv-00014, 2016 WL 6523428, at *12 (S.D. Cal. Nov. 3, 2016).

     *b.*   *Injunctive Relief*

    To pursue injunctive relief, a plaintiff must demonstrate "a substantial risk that they will suffer the potential future injury absent their requested relief." *Stringer,* 942 F.3d at 721; *see also* Section III.A.4, *supra*. Further, a plaintiff "must show that injuries from a future [Axip] data breach are substantially likely and certainly impending." *In re ESO*, 2024 U.S. Dist. LEXIS 134337, at *23. Garner must "plausibly allege that [Axip] is likely to be imminently hacked again." *Id.* at *24.

    In *ESO*, after a data breach, defendant sent a letter to the plaintiffs, notifying him of the breach and stating the company had implemented measures to confirm the security of its systems and operations. *Id.* at *23. The plaintiffs sought injunctive relief, alleging they were at risk of harm "due to exposure of their [PII] and ESO's failure to address the security failings that lead to such exposure." *Id.* (cleaned up). The court held the plaintiffs were not entitled the requested relief because they did "not plausibly allege facts that would contest ESO's assertions in its letter that it has since secured its systems." *Id.* The court "decline[d] to extend injunctive relief to every plaintiff whose data is theoretically at risk of disclosure." *Id.* at *25.

    Here, Garner's allegations of future harm rest on the breach that has already occurred. Garner alleges he is at risk of harm due to "Defendant's failure to address the security failings that lead to such exposure." Dkt. 15 at ¶ 182. Garner does not show how the injunctive relief requested will prevent him from risk of future harm from *this* incident, assuming that he has suffered such harm (which he has not). Garner ignores that upon learning of the incident, like the defendant in

*ESO*, Axip worked with forensic consultants to investigate and contain the incident, secured its network, and implemented additional security measures to enhance its privacy and security systems. *See* Dkt. 15 at ¶¶ 6, 7, n.2; *see also* Axip's Notice of Data Breach, attached hereto as Exhibit A[1]; *see also* Declaration of Stephen Childress, attached hereto as Exhibit B.

Garner also requests that Axip educate him on the "threats they face as a result of the loss of their PII to third parties, as well as the steps they must take to protect themselves." Dkt. 15 at ¶ 183.h. Again, Garner ignores that Axip has already provided such information in its notice of the incident. *See* Dkt. 15 at ¶ 7, n.2, 183; *see also* Ex. A.; *see also In re ESO*, 2024 U.S. Dist. LEXIS 134337, at *26 (holding plaintiffs were not entitled to injunctive relief to provide education on the threats faced as a result of the data breach because defendant had already listed resources in the notice of data breach). Garner also requests credit monitoring systems for up to ten years, despite Axip offering one year of free credit monitoring services. Dkt. 15 at ¶ 183.g. Garner fails to allege how "future harms would be mitigated if the Court ordered [Axip] to provide credit monitoring for a longer period." *In re ESO*, 2024 U.S. Dist. LEXIS 134337, at *26.

Because Plaintiff has not plausibly alleged he will suffer injuries unless his requested relief is granted, his claim for injunctive relief, as it depends on future risk of harm, should be dismissed. Similarly, because his request for injunctive relief is based on previous actions which have already been addressed, any claim for injunctive relief should be dismissed.

## IV.  CONCLUSION

For the reasons set forth above, the Court should enter an order dismissing the Class Action Complaint.

---

[1] "When a defendant attaches documents to its motion that are referenced in the complaint and are central to the plaintiff's claims, . . . the court can also properly consider those documents." *Inclusive Cmtys. Project v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) (citing *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004)).

DATED: October 29, 2024

Respectfully submitted,

By: */s/ Peter L. Loh*
Peter L. Loh (TX 24036982)
Joe Swanson (*pro hac vice forthcoming*)
Ana Sofia Batista (TX 24137543)
**Foley & Lardner, LLP**
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
ploh@foley.com
abatista@foley.com
joe.swanson@foley.com

**ATTORNEYS FOR AXIP ENERGY
SERVICES, LP**